**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus A. Shivers,          ) | No. CV 06-1914-PHX-MHM |
|                )         Plaintiff, ) | **ORDER** |
| vs.          ) | |
| Michael J. Astrue,          )<br>Commissioner of Social Security, ) | |
|          )         Defendant. ) | |

Currently before the Court is Plaintiff's Motion for Award of Attorney's Fees under 42 U.S.C. § 406(b). (Dkt. #27). After reviewing the pleadings, the Court issues the following Order.

**I.      Background**

This case initially came before the Court on Plaintiff Marcus A. Shivers' ("Plaintiff") complaint for review of the final decision of the Commissioner of Social Security denying his claim for disability benefits under the Social Security Act. (Dkt. #1). On September 25, 2007, the Court remanded the case to the Commissioner for an award of benefits. (Dkt. #23). On August 11, 2008, Plaintiff filed the instant Motion for an award of attorney's fees under 42 U.S.C. § 406(b), requesting an award of $14,396.75, which represents 25 percent of the past-due benefits paid to Plaintiff. On August 29, 2008, Defendant Michael J. Astrue ("Defendant") issued a response to Plaintiff's. (Dkt. #31).

## II. Analysis

Section 406(b)(1)(A) of the Social Security Act ("Act") provides:

> Whenever a court renders a judgment favorable to a claimant . . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, . . . .

Attorney's fees awarded under § 406(b) are payable from funds withheld from a claimant's past-due disability benefits by the Social Security Administration for work performed by claimant's counsel before the district court on his or her claim for disability benefits under the Social Security Act. The Court is required to review such fee requests as an independent check to assure that they yield reasonable results in particular cases. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D.Cal. 2003). The Supreme Court in Gisbrecht recognized attorney-client fee agreements as opposed to the lodestar approach in determining reasonable attorney fees in cases where claimants prevail in federal court. Gisbrecht, 535 U.S. 789, 122 S.Ct. 1817. Among the factors the courts must consider when determining the reasonableness of contingency fee arrangements are whether the contingency fee is within the 25 percent cap set in the Act, whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to constitute a windfall for the attorney. Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). The district court also must give due deference to the intent of the parties. Id.

The contract between Plaintiff and his attorney, Mr. Caldwell, expressly provides for Mr. Caldwell to receive 25 percent of the past-due benefits awarded to Plaintiff should Plaintiff succeed in Federal Court review. See Dkt. #28-6. This agreement complies with the 25 percent statutory cap under 42 U.S.C. § 406(b)(1)(A). Plaintiff obtained an award of $57,587.00, of which, Mr. Caldwell would receive $14,396.75 in attorney's fees pursuant to the contingency fee agreement. Mr. Caldwell submitted a billing statement that listed 23.1 hours on this case. As such, an award of $14,396.75 constitutes an hourly billable rate of

1  $623.24. The Court cannot determine that this amount is unreasonable and would create a
2  windfall profit for Mr. Caldwell. See Hearn, 262 F. Supp. 2d at 1037 (canvassing § 406(b)
3  cases and observing that courts have approved *de facto* hourly rates ranging from $187.55
4  to $694.44 and noting that courts are generally deferential to the terms of contingency fee
5  agreements). Moreover, a determination of reasonableness is bolstered by the fact that
6  Plaintiff will receive a dollar for dollar offset of the Equal Access to Justice Act ("EAJA")
7  fees paid by the United States. See Dkt. #26. Based on the award of $3,718.73 in EAJA
8  fees, Plaintiff's contingency obligation will be reduced to $10,678.02, or 18.5 percent of the
9  past-due benefits. In light of these facts, the Court finds that Plaintiff's motion for attorney's
10 fees pursuant to the terms of his contingency agreement is reasonable.

11 **Accordingly,**

12 **IT IS ORDERED** granting Plaintiff's Motion for Award of Attorney Fees Under 42
13 U.S.C. § 406(b). (Dkt. #27). The Commissioner is directed to pay Plaintiff's counsel 25
14 percent of the past-due benefits, or $14,396.75.

15 **IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after the receipt of the
16 above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access
17 to Justice Act, in the amount of $3,718.73.

18 DATED this 20th day of October, 2008.

_____
Mary H. Murguia
United States District Judge